V.S.H. Realty, Inc. *v.* Zoning Hearing Board of Sharon Hill, Delaware County, Pennsylvania. V.S.H. Realty, Inc., Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Barry C. Dozer,* with him *F. L. Guiliano,* and *Feeney & Guiliano,* for appellant.

*Richard C. Tinucci,* with him *Semeraro & Groover,* for appellee.

Opinion by Judge Rogers, November 5, 1976:

The appellant, V.S.H. Realty, Inc., applied to the Zoning Hearing Board of the Borough of Sharon Hill (Board) for a special exception to construct a convenience food store and gasoline pumps on a lot at the corner of Chester Pike and Brainerd Boulevard. The Board, after a hearing, denied the exception. V.S.H. Realty, Inc. appealed to the Court of Common Pleas of Delaware County which, without taking additional evidence, affirmed. We also affirm.

The lot in fact fronts on three streets, Chester Pike, Brainerd Boulevard and Burton Lane. It contains 15,000 square feet. It has a frontage on Chester Pike of 150 feet and a depth of 100 feet. It is located in a commercial zoning district. Lands fronting on Brainerd Boulevard and Burton Lane on the street side opposite V.S.H.'s tract are zoned residential.

Appellant proposes to construct a 2400 square foot masonry building, with adjacent parking for eleven automobiles, which it would use as a convenience food store. In addition, it proposes to erect an island in front of the building where two dual gasoline pumps and an overhead canopy would be erected. The gasoline sales operation would be self-service in

that customers would drive up to the pumps, tell the manager in the store by a loud speaker the quantity of gasoline desired, and the manager, by use of a console located inside the building, would dispense the amount of fuel requested. The customer would pump the gasoline into his own vehicle and then go into the store and pay for the gasoline. There would be no attendant at the pumps, and no services other than the sale of gasoline and motor oil would be provided. Appellant testified at the hearing before the Board that, at least initially, one employee would handle both the gasoline and food operations.

In the C Commercial District in which the lot is located the following uses are permitted: retail stores, hotels, restaurants, automobile repair shops and motor vehicle service stations. Also permitted, when authorized by special exception, are uses of the same general character as any of the aforementioned permitted uses. The Ordinance further states that ''[n]o motor vehicle service station shall be erected on a lot of less than twenty-two thousand five hundred (22,-500) square feet in area, nor less than one hundred fifty (150) feet in width at the building line. The lot shall also have a minimum depth of one hundred fifty (150) feet.'' It is clear that appellant's lot fails to satisfy all of the above requirements if it is proposed to be used as a motor vehicle service station as well as a food store.

At the hearing, the appellant was advised by the Board's solicitor to submit testimony for both a special exception and a variance, but the appellant's attorney told the Board that in his opinion a variance was not necessary. The Board concluded that the proposed gasoline operation was a motor vehicle service station and that since the lot was nonconforming appellant should have applied for and justified the grant of variance for this use.

There was no additional testimony presented to the lower court, and thus our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Bamash v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974). V.S.H. says that the Board erred in two respects.

It first contends that the Board was wrong in concluding that their gasoline pumps could not be allowed by special exception and that a variance was necessary. They argue that the retail sale of gasoline is a use of the same general character as that of a retail store, a specifically permitted use.

Since the Ordinance does not define the term "motor vehicle service station," it is our duty to apply its plain, ordinary, usually understood meaning. Rathkopf, *The Law of Zoning and Planning,* 82 A.L.R. 2d 989, 992. A service station is "a retail station for servicing automobiles and other motor vehicles, especially with gas and oil."[1] Surely, V.S.H.'s proposed gasoline business is more similar to a service station than to a retail store. There is ample evidence in the record to support the Board's finding that a portion of the business would constitute a motor vehicle service station. It follows that since the lot does not conform to size and width requirements for a motor vehicle service station, a variance was required.

V.S.H. finally says that the Board committed an error of law by concluding that the appellant had not carried its burden to demonstrate that the gasoline pumps would not be contrary to public health, welfare and safety of the residents of the borough. We agree that if an applicant for a special exception has carried the initial burden of proving that its proposed use complies with the conditions and terms of the ordi-

---

[1] *Webster's Third New International Dictionary* (1969 Ed.).

36

nance, the burden is upon protestants or the municipality and not the applicant, to prove that the use would adversely affect the health, safety or welfare of the community. *Appeal of George Baker,* 19 Pa. Commonwealth Ct. 163, 166, 339 A.2d 131, 134 (1975). The argument is, however, wholly academic, since the Board properly concluded that the issue was that of variance or no variance, on which the appellant had the burden, which it obviously failed to carry.

ORDER

AND Now, this 5th day of November, 1976, it is ordered that the December 23, 1975 Opinion of the Court of Common Pleas of Delaware County, be and is hereby affirmed.