Food Bag, Inc., Appellant *v.* Mahoning Township Zoning Board of Adjustment, Appellee.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Clinton W. Smith, Stuart, Murphy, Smith, Mussina, Harris & Rieders*, for appellant.

*Arthur M. Peters, Jr.*, for appellee.

OPINION BY JUDGE MACPHAIL, May 12, 1980:

Food Bag, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Montour County which affirmed the Township Board of Adjustment's (Board) denial of a permit to install self-service gasoline pumps on property located in Mahoning Township (Township).

Appellant operates a grocery store which it calls a "convenient market" on its property and now seeks to set up a self-service gasoline island, with three pumps, in the parking area in front of the store. The property is located in an area zoned C-A Commercial Apartment. Grocery stores are a permitted use within the zone but gasoline service stations are not. Gasoline service stations are permitted in several other zoned districts in the Township.

Appellant argued before the Board that the gasoline pumps should be permitted either as a use of the same general character as a retail food store or as an accessory use. The Board rejected both theories.

Since the lower court affirmed the Board's action without taking additional evidence, our review is limited to a determination of whether the Board has abused its discretion or committed errors of law. *Harper v. Ridley Township Zoning Hearing Board*, 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975).

## Similar Use

Appellant argues that the sale of gasoline from self-service pumps is of the same general character[1] as sale of items in a convenience market because it is purchased as conveniently as items in the store.

The Board rejected this argument and we can find no abuse of discretion or error of law in their action. As we have noted, gasoline service stations are provided for in other areas within the Township but are not permitted in C-A areas. It is clear from the ordinance itself, therefore, that the uses in question are considered different in character. Accordingly, we affirm the Board's finding on this issue. *See* R. Ryan, Pennsylvania Zoning Law and Practice §4.2.1 (1970).

## Accessory Use

Appellant argues next that the gasoline pumps should be allowed as an accessory use. The ordinance permits an accessory use "customarily incidental and subordinate to the principal use or building and located on the same lot with the principal use or building."

The particular question also involved on the facts of the instant case is whether what has traditionally been a principal use can become an accessory use. Gasoline pumps have traditionally been a part of the service station business, which is traditionally considered as separate from the retail food business. Appellant argues that the self-service pumps involved in

---

[1] Under the zoning ordinance permitted uses include

[A]ny use of the same general character as any of the uses permitted in this District provided that: a. Such uses, operation, or products shall not be objectionable due to odor, dust, smoke, noise, vibration, or other similar cause. b. There shall be no manufacture, compounding, processing, or treatment of products other than that which is clearly incidental and essential to a permitted use.

the instant case are distinguishable from their traditional role and are now an incidental part of a new industry, to wit the "convenient market."

It is clear that uses may be principal or accessory depending upon the facts of each situation. For example, a restaurant may be the principal and only use or may be accessory to a principal use such as a bowling alley. *Gross v. Zoning Board of Adjustment,* 424 Pa. 603, 227 A.2d 824 (1967). There would seem, therefore, to be no logical impediment to gasoline pumps as accessory to a principal use such as a convenient market, merely by virtue of the fact that gasoline pumps are also an essential part of a service station.

The Board argues, however, that the instant case is controlled by our decision in *V.S.H. Realty, Inc. v. Zoning Hearing Board of Sharon Hill,* 27 Pa. Commonwealth Ct. 32, 365 A.2d 670 (1976).

The issue in *V.S.H.* was whether a realtor who desired to build a convenience market with gasoline pumps on the same lot needed a dimensional variance where the lot did not meet the size requirements of the zoning ordinance for service stations. The realtor sought a special exception and argued that a variance was not needed because the gasoline pumps are a use of the same general character as the food store. The Zoning Board of Sharon Hill found that since a portion of the proposed use was similar to a service station, a variance was needed. Judge ROGERS found that this conclusion was not an abuse of the Board's discretion.

It is imperative to note that the issue of accessory use was not raised in *V.S.H.* Nevertheless, we did say, "Surely, V.S.H.'s proposed gasoline business is more similar to a service station than to a retail store." *Id.* at 35, 365 A.2d at 672. However, since this Court's review of the Board's actions therein was limited to

a determination of whether there had been an abuse of discretion or an error of law based on the evidence presented to the Board, we do not believe that our decision in that case necessarily controls the result in the instant case.

The Board found that the operation of self-service gasoline pumps is not an accessory use in this instance for the following reasons:

a. In no manner can self-service gasoline pumps be considered an 'Accessary [sic] Use' customarily incidental to a convenience or food store since as stated above the use takes place outside the building and in no manner would be considered incidental to purchasing a loaf of bread or a can of shaving cream.

b. The residential character of said neighborhood would be greatly changed by the addition of self-service gasoline pumps in the center of this predominantly residential district.

c. Said proposed use would definately [sic] change the character of the existing neighborhood.

d. There was also testimony concerning possible spillage from the pumps resulting in odor which of course does not exist at the present time under the existing uses and operations at said store.

It is true as argued by Appellant that whether or not the installation of the pumps would change the character of the neighborhood is irrelevant to a consideration of accessory use. The lower court made its own findings on the issue of accessory use from the evidence received by the Board, but this was beyond the scope of the trial court's authority. *Concord Township Appeal*, 439 Pa. 466, 268 A.2d 765 (1970). Therefore, we are limited to a consideration of whether the Board's finding that the use of self-service

pumps outside the store is not incidental to purchases made inside the store is sufficient to justify the Board's conclusion that the operation of self-service pumps is not an accessory use to a convenient market.

The Board does use the terminology of accessory use in finding of fact (a) above, but it has failed to apply the correct legal interpretation of accessory use. In order to establish a right to an accessory use, Appellant must prove that the use sought is secondary to the principal use and is usually found with that principal use. *Gross, supra* at 605-06, 227 A.2d at 826. Clearly, finding of fact (a) is insufficient to support the denial of an accessory use as the courts have interpreted that term. Whether buying gasoline is incidental to purchasing a loaf of bread is irrelevant if the accessory use as self-service gasoline pumps is secondary to and usually found with the principal use as a convenient food market. While at first blush it may appear that we should conclude that there is no substantial evidence to support what the Board has labeled as a finding of fact, in actuality the Board simply has made no finding with respect to accessory use because of its failure to apply the correct legal interpretation of accessory use.

A further issue herein is whether the convenient food market is a separate industry. While the lower court found that there is no such distinct entity as a convenient food market within the retail food store industry, such a finding is clearly for the Board to make in this case. It made no finding on the issue whatsoever.

Because the findings of the Board are insufficient to justify denial of an accessory use and because the Board has made no findings on (1) whether convenient markets are an independent industry, and, if they are, (2) whether the self-service gasoline pumps would be secondary to a convenient food market, and (3) wheth-

er self-service gasoline pumps are usually found with convenient food markets, we will remand this record to the Board so that it can make these essential findings. *See Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975).

### ORDER

AND Now, this 12th day of May, 1980, the order of the Court of Common Pleas of Montour County dated April 30, 1979 is reversed and the case is remanded for further findings by the Mahoning Township Board of Adjustment consistent with this opinion.