James Gustin, Appellant *v.* Zoning Hearing Board of Sayre Borough, Appellee.

Argued November 17, 1980, before Judges WILKIN-
SON, JR., CRAIG and PALLADINO, sitting as a panel of
three.

*David B. Keeffe, DeSisti, Keeffe and Rosh,* for ap-
pellant.

*Jonathan P. Foster, Riffle and Foster,* for appel-
lee.

OPINION BY JUDGE CRAIG, December 17, 1980:

Owner James Gustin appeals from an order of the
Court of Common Pleas of Bradford County which
affirmed the denial, by the Zoning Board of Sayre
Borough (board), of his application for a permit to
install self-service gas pumps on his property located
in Sayre Borough.[1]

---

[1] Where, as here, the court below heard no testimony and re-
ceived no additional testimony, our review is limited to determining
whether the board abused its discretion or committed an error of
law. *Hilltown Township v. Horn*, 13 Pa. Commonwealth Ct. 248, 320
A.2d 153 (1974).

The owner operates a grocery store, which he calls a "convenience store," on the property at issue. Under the Sayre Borough Zoning ordinance enacted in March 1976, the owner's property is located in an R/S Residential District. Neither convenience stores nor gasoline stations are permitted uses in the R/S district. However, there is no question that the owner operated his store at its present location before the ordinance was enacted and therefore it became a lawful nonconforming use in the R/S district.

The owner's proposal to add self-service gasoline pumps is part of his request for permission to remodel the store building.

Here the owner contends that the board's refusal to issue him a permit to construct gas pumps at his store constituted an illegal deprivation of his constitutional right to a reasonable expansion of his nonconforming use. *Appeal of Carr*, 30 Pa. Commonwealth Ct. 342, 374 A.2d 735 (1977). However, in expanding, an owner cannot establish a use different in nature from what was originally contemplated as the nonconforming use. *In Re Mignatti's Appeal*, 403 Pa. 144, 168 A.2d 567 (1961).

Thus we must decide whether adding the retail sale of gasoline involves a use different from the existing one.

We must look to the applicable zoning ordinance's structure as our chief guide with respect to how uses are categorized for the particular municipality. *Appeal of Russian Orthodox Church of Ambridge*, 397 Pa. 126, 152 A.2d 489 (1959); *see* R. Ryan, Pennsylvania Zoning Law and Practice §4.2.1 (1970).

Here the zoning ordinance lists "convenience goods stores" as an allowable category of special use in the R/R Residential District and R/T Residential District, while it allows "Gasoline stations" in C/H Commercial Districts as special uses and "Gasoline service

stations'' in C/D Commercial Districts. In view of the evidence here, that no automobile service is proposed, we note the slight distinction between the latter two categories, only one of which includes the word ''service''; however, whether or not any distinction is intended, the ordinance nevertheless deals with gasoline marketing separately from its convenience store reference.

We recognize the current trend, put into the record here by the owner, toward the selling of gasoline, in addition to other commodities, by local retail convenience stores, particularly by the use of self-service gasoline pumps. But the courts would be overreaching judicial authority if they were to regard the categories in a zoning ordinance as being automatically rewritten to embrace such a trend. Any updating of zoning ordinance categories must be left to the local lawmakers who enacted it.

The doctrine which favors the adoption of ''more modern instrumentalities'' as to nonconforming use, *Township of Kelly v. Zoning Hearing Board of Kelly Township*, 36 Pa. Commonwealth Ct. 509, 388 A.2d 347 (1978) does not justify judicial revision of ordinance categories in order to embrace a new merchandising pattern.

Moreover, the scope of a zoning category is a question of law, not a question of fact. *Crary Home v. De-Frees*, 16 Pa. Commonwealth Ct. 181, 184, 329 A.2d 874, 876 (1974).

Here we agree with the views expressed by Judge O'MALLEY, specially presiding in the common pleas court in this case, with respect to his reliance upon *V.S.H. Realty, Inc. v. Zoning Hearing Board of Sharon Hill*, 27 Pa. Commonwealth Ct. 32, 365 A.2d 670 (1976), deciding that the sale of gasoline by self-service, without other automobile service, was, for special exception purposes, not a use ''of the same general

character" as that of a retail store. *Cf. Food Bag, Inc. v. Mahoning Township Zoning Board of Adjustment,* 51 Pa. Commonwealth Ct. 304, 414 A.2d 421 (1980) which similarly concluded that the sale of gasoline from self-service pumps is not of the same general character as the sale of items in a convenience market.

Accordingly, we affirm the decision of the common pleas court.

ORDER

AND Now, this 17th day of December, 1980, the August 10, 1979 order of the Bradford County Court of Common Pleas is hereby affirmed.