## Andrews v. Weisenberg Township Zoning Hearing Board

*James Keller,* for appellant.
*Gerald M. Barr,* for appellee.

MELLENBERG, *J.,* June 22, 1981—This matter is before the court on the timely-filed appeal of appellant, Marilyn L. Andrew, from a decision of the

Weisenberg Township Zoning Board (board) denying her request for permission to establish a pet cemetery on the some 7.284 acre tract of land (or "lot" as referred to by the board) as a pet funeral home. The subject land is located in an area zoned Industrial Commercial (I-C) by the Township of Weisenberg, along the north side of Old Route 22, and south of U.S. I-78 (U.S. 22), in Weisenberg Township, Lehigh County, Pa. There are two buildings located on the property; one of which appellant proposes to convert into a funeral home for the preparing and viewing of deceased pets, and the other as a workshop storage area and apartment for either appellant or a caretaker. At a public hearing held on September 23, 1980, the board approved the proposed pet funeral home as a permitted principal use, and the apartment as a special exception; but denied the application for a pet cemetery as being neither an accessory use, nor as a variance. The board found in support of its ruling denying the pet cemetery application:

". . . a pet cemetery is not an accessory use to a pet funeral home and since the Zoning Ordinance does provide for cemeteries in a Rural District, the applicant's request for a pet cemetery as an accessory use is hereby denied."

Since additional testimony was not presented to the court, our review is limited to a determination of whether or not the board abused its discretion or committed an error of law: Klavon v. Marlborough Township Zoning Board, 20 Pa. Commonwealth Ct. 22, 340 A. 2d 631 (1975).

"Accessory use" is defined in section 308 of the zoning ordinance as: "A subordinate use . . . customarily incidental to, and located on the same lot

occupied by the main use." There is no dispute that the proposed pet cemetery would be located on the same lot as the funeral home. Appellant has the burden of proving that the use sought is a subordinate use, and that the proposed use is usually found, or "customarily incidental" to the principal use: Food Bag v. Mahoning Township Zoning Board of Adjustment, 51 Pa. Commonwealth Ct. 304, 414 A. 2d 421 (1980). To meet her burden, appellant presented the following uncontradicted testimonial facts at the zoning hearing:

1. There are no pet funeral homes in Lehigh County, and only one pet cemetery located in Allentown adjacent to the Lehigh Humane Society.

2. Three pet funeral homes on the East Coast, one in Berks County, Pennsylvania, and two in Florida, had adjacent cemeteries.

3. All pet funeral homes in the industry have adjoining cemeteries because of economic feasibility.

4. A pet cemetery differs from the traditional cemetery by generally experiencing much less traffic than a traditional cemetery.

5. A pet cemetery more closely resembles a park than a traditional cemetery (Exhibits A-2, A-10).

Although contradictory evidence was not presented, the board made the following finding of fact:

"6. Cemeteries are not permitted accessory uses in an Industrial Commercial District. Cemeteries are however allowed in a Rural District under Section 841.10."

This finding by itself is insufficient to support the denial of an accessory use as the courts have inter-

preted that term. The status of cemeteries being recognized and permitted as a principal use in a rural district does nor preclude it from being accessory in an I-C district, since uses may be principal or accessory depending on the facts of each situation: Gross v. Zoning Board of Adjustment, 424 Pa. 603, 227 A. 2d 824 (1967).

While initially it may appear that the court should conclude that there is no substantial evidence to support what the board has labeled as a finding of fact, in actuality, although it uses the term, the board has made no finding of fact with respect to accessory use because of its failure to apply the correct legal interpretation of the term: Food Bag, supra. It is beyond the scope of this court's authority to make its own findings on the issue of accessory use from the evidence received by the board; that is the board's responsibility: Concord Township Appeal, 439 Pa. 466, 268 A. 2d 765 (1970).

Because the findings of the board are insufficient to justify denial of an accessory use, and because the board has made no findings on (1) whether a pet cemetery is of the same character as a traditional cemetery; (2) whether a pet cemetery can be a subordinate use to a pet funeral home, and (3) whether a pet cemetery is usually found with pet funeral homes, this court will remand the record to the board so that it can make these essential findings. See Page's Department Store v. Velardi, 464 Pa. 276, 346 A. 2d 556 (1975).

## ORDER

Now, June 22, 1981, for the reasons stated in the attached opinion, It is ordered that the above-captioned matter be remanded to the Weisenberg Township Zoning Hearing Board for further findings in compliance with the attached opinion.