## Taxville Full Gospel Church v. West Manchester Twp. Zoning Bd.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Gregory R. Reed,* for plaintiff.
*David Wm. Bupp,* for defendant.

ERB, *J.*, December 13, 1982 — Taxville Full Gospel Church (appellant) appeals from the decision of the West Manchester Township Zoning Board of Adjustment (appellee) requiring it to file an application for a special permit.

Appellant had applied for and received a permit for the expansion of a building situated on its property in which regular worship services are conducted. When it became apparent that the new structure was to serve as an educational facility the township zoning officer classified it as a private school, separate from appellant's church functions and advised appellant that the zoning ordinance of West Manchester Township required a special permit to operate a private school on the premises. The zoning board of adjustment upheld the interpretation of the zoning officer and appellant now appeals that decision, arguing that the Taxville Church School is operated as a use accessory to the primary use of worship and, therefore, a special permit is not required. Appellant also defines the imposed permit requirement as an infringement of its constitutional First Amendment right to the free exercise of its religious beliefs.

We find no abuse of discretion or error of law in either appellee's factual determination that the school is not an accessory use or in its requirement of a special permit. We, therefore, shall affirm appellee's decision and dismiss the appeal.

Since a zoning board is vested with the discretion to interpret the meaning of a local zoning ordinance as it applies to the facts presented to it, a reviewing court may reverse its decisions only where an error of law or a clear abuse of discretion has been committed. Harper v. Zoning Hearing Board of Ridley Township, 62 Del. Co. 313, aff'd. 21 Pa. Commw. 93, 343 A.2d 381, (1974); Kenneson v. White-

march, Township Zoning Hearing Board. 97 Montg. 191 (1973).

Applying the above standard, we shall first examine appellee's determination that the anticipated school of appellant is not an accessory use to the principal function of worship, but exists as a separate, private school, requiring a special permit.

In order to establish a right to an accessory use, an applicant must prove that the use sought is "secondary," "incidental," or "naturally present with" the principal use. Food Bag, Inc. v. Mahoning Township Zoning Board of Adjustment 51 Pa. Commw. 304, 414 A.2d, 421. (1980); Kessler v. Warminster Township Zoning Hearing Board, 25 Bucks, 32 (1973). The focus is on the use itself, not on the user. A cemetary, therefore, is no more incidental a use when owned by a church than when owned by a private party. Appeal of the Russian Orthodox Church of the Holy Ghost, 397 Pa. 126, 152 A.2d 489 (1959). While appellant argues that its school is an accessory use because a christian education is a "basic tenet" of its faith, the court, in the Russian Orthodox case (supra), did not allow similar reasoning to support an argument that a church cemetary fell within a permitted religious use category, even where burial in consecrated grounds was a precept of the religion. Id. at 129. The court noted that under the church's theory, any secular use was capable of religious characterization. Id. at 129.

Considering solely, then, the separate and distinct functions of a church and a school, we do not find that they are so inherently connected as to make one an accessory of the other.

The record, also, reveals that appellant accepts and educates nonmembers in its school, which further supports the conclusion that the two operations are not inextricably linked, but rather that they

maintain a certain independence of purpose and function.

Secondly, we find in appellee's decision no abridgement of appellant's First Amendment right to the free exercise of its religious beliefs.

It is well established that First Amendment rights are not absolute, but are subject to reasonable police power regulations enacted for the public welfare. Cantwell v. Connecticut, 810 U.S. 296 (1940). As long as the validity of the measure is, for zoning purposes, fairly debatable, the legislative judgment must control. Euclid v. Ambler Realty Co., 272 U.S. 365, 388 (1973); Jehovah's Witness Appeal, 183 Pa. Super. 219, 130 A.2d 240 (1957).

Specifically, religious uses are subject to a municipality's zoning regulations and the right to religious freedom is not violated where its exercise must be in compliance with the procedural requirements of a zoning ordinance. Jehovah's Witness Appeal, supra at 227. Appellant seems to suggest that its status as a religious institution somehow grants it immunity from the fair and objective application of a reasonable zoning regulations. It argues that its forced submission to the process of applying for a special permit would effect a "tragic and unconstitutional" result. We fail to see the merit in this claim.

A zoning board's discretion to grant or deny a special permit to a particular use is not unfettered, but must be exercised within the standards set forth in the zoning ordinance. Appeal of O'Hara, 389 Pa. 35, 57, 131 A.2d 587, 593 (1957). Where a particular use is provided for by special permit in a zoning ordinance, the permit will be granted unless those objecting to the use can show an adverse impact. Bray, et al. v. Zoning Board of Adjustment, et. al., 48 Pa. Commw. 523, 410 A.2d 909 (1980). To refuse a

proposed use for a reason which has no substantial relation to the standards provided by the ordinance is beyond the powers of both the board and the reviewing court. Dauphin Trust Co. v. Myers, 388 Pa. 444, 130 A.2d 686 (1957).

The West Manchester Township Zoning ordinance lists "private school" among the uses allowed upon the issuance of a special permit. We, therefore, can perceive no real threat of any intrusion on appellant's First Amendment rights and do not consider compliance with a routine procedural requirement to constitute an undue burden on those rights.

In conclusion, we find that appellee committed no error of law or abuse of discretion in determining that because appellant's school was not an accessory use of its church, a special permit was required to operate it as a separate, private school.

Accordingly, we enter the following.

### ORDER

And now, this December 13, 1982, we dismiss the apppeal of Taxville Full Gospel Church and affirm the decision of the West Manchester Township Zoning Board of Adjustment.