## Bruaw, Jr. v. Mechanicsburg Zoning Hearing Board

*Marlin R. McCaleb,* for appellee.
*P. Daniel Altland,* for appellant.

HOFFER, *J.,* August 8, 1983—Arthur Bruaw filed an application for a special exception with the Zoning Hearing Board of Mechanicsburg (board), a hearing was held, the board denied Bruaw's request, and Bruaw appealed to this court.

Bruaw's appeal has two facets. He challenges the zoning officer's denial of a permit to engage in retail sales of goods and prepared foods, and, in the alternative, requests a special exception for such a use.

Appellant owns a gasoline station on East Main Street in Mechanicsburg. The property was used as a gasoline station before the enactment of the current zoning ordinance in 1976. Although the district surrounding the gasoline station is now a low density residential district (R-1) under section 201 of Ordinance 896, the Mechanicsburg Zoning Ordinance (ordinance), the gasoline station is a lawful and valid nonconforming use.

Bruaw desires to change his newly reconstructed gasoline station facility into a convenience store not unlike a "7-11" or "AM-PM." His intent is to engage in retail sales of consumer goods, gasoline and beer. His plans include conforming his establishment to the minimum requirements of a restaurant under the Liquor Code, and thereafter obtaining a license to sell beer for consumption on and off the premises. The requirements he must meet, as found by the board, are as follows:

In order to qualify for a restaurant liquor license from the Pennsylvania Liquor Control Board, the

Applicant must provide an area of at least 300 square feet where food is regularly sold, which area must have tables and chairs for at least thirty (30) people and which must be separated from the rest of the premises by a partition at least four feet high. Decision of the Zoning Hearing Board No. 1982-6, November 15, 1982.

The standard of review on appeal from a zoning hearing board is as follows. The decision of the zoning hearing board will be overturned only upon a showing of clear abuse of discretion or an error of law. Heck v. Zoning Hearing Board for Harvey's Lake Borough, 39 Pa. Commw. 570, 397 A.2d 15 (1979).

Three arguments are advanced in support of his position. First, that the retail sale of consumer goods and beer should be permitted in conjunction with the operation of a gasoline station. Second, the retail sale of consumer goods and beer should be permitted as an accessory use of the gasoline station. Third, that he should be granted a special exception under subsection 501.1 (use regulations in an I-1 restricted industry district) of the ordinance. We will address appellant's arguments seriatim.

Appellant contends that the designation "gasoline service station" in the ordinance contemplates the retail sale of consumer goods, beer, and prepared foods within its definition. The ordinance does not define "gasoline service station." When a zoning ordinance neglects a definition, it is the court's duty to aply the ordinary and commonly understood meaning of the term. V.S.H. Realty, Inc. v. Zoning Hearing Board of Sharon Hill, 27 Pa. Commw. 32, 365 A.2d 670 (1976). A service station is defined as:

1. a place providing maintenance service, parts, supplies . . . .

2. a place providing such service, and selling gasoline and oil, for motor vehicles; gas station.[1]

The common definition of a gasoline service station does not include the characteristics of a convenience store within its meaning.

The structure of a zoning ordinance aids the court in the interpretation of terms such as "gasoline service station." Gustin v. Zoning Board of Sayre Borough, 55 Pa. Commw. 410, 423 A.2d 1085 (1980). Gasoline service stations are permitted by right only in industrial districts (I-1, I-2 and I-3) under sections 501, 502, and 503 of the ordinance. Retail sales of goods and prepared foods are permitted as a use by right in the more restrictive commercial districts (C-1, C-2, and C-3) under sections 401, 402, and 403. The distinctions drawn by the use regulations indicate that retail sales by convenience store restaurants are not implicit in the definition of the term "gasoline service station" as appellant contends.[2]

Bruaw argues that his proposed restaurant, convenience, and beer store should be permitted as an accessory use to the gasoline station. The board determined that the restaurant, convenience, and beer store, as planned by appellant, would not be accessory to the gasoline station. The board's deter-

---

1. Webster's New World Dictionary of the American Language, second edition, 1979.

2. The court and the board are not unmindful of the growing trend toward convenience store sales of gasoline products. Establishments of this type, however, are provided for by subsections 401.1 and 403.1 of the ordinance, permitting gasoline service stations by special exception or, as indicated by Food Bag, Inc. v. Mahoning Township Zoning Board of Adjustment, 51 Pa. Commw. 304, 414 A.2d 421 (1980), as an accessory use to a convenience store properly located in a commercial district.

mination was based on the definition of "accessory use" contained in the ordinance. As defined in subsection 102.5, an "accessory use" is "a use secondary to a primary use." The board found that the convenience store, beer sales, and restaurant would produce the majority of the net profit of the enterprise. Therefore, the board concluded that the sale of convenience items, beer, and prepared food would become the primary use of the premises.

Appellant characterizes his goal as an expansion of his nonconforming use by addition of a permitted accessory use. We cannot agree with appellant's characterization of the resulting situation.

At law, nonconforming uses are closely restricted and ordinance provisions that countenance the continuation of nonconforming uses are strictly construed. Hanna v. Board of Adjustment, 408 Pa. 306, 183 A.2d 539 (1962). The statement of intent preceding the provisions of Article 800 of the ordinance expresses the same animus. Expansion of a nonconforming use must not lead to the creation of a new nonconforming use, but must be reasonable and limited to that which is absolutely necessary and not inconsistent with the public interest. Township of Kelly v. Zoning Hearing Board of Kelly Township, 36 Pa. Commw. 509, 388 A.2d 347 (1978).

Regardless of Bruaw's characterization of his plans for the gasoline station, he seeks nothing other than the addition of a new nonconforming use. The board's conclusion, that the proposed restaurant and convenience store would be a primary use in addition to the primary use as a gasoline station, was supported by the record and cannot be labeled an abuse of discretion. Bruaw intends to operate the present nonconforming gasoline station while adding thereto a store and restaurant that will yield a major share of the profit for the enterprise.

Clearly, his plan is to add a new nonconforming use to the existing nonconforming use, a result prohibited by the ordinance and decisional law. Mignatti Appeal, 403 Pa. 144, 168 A.2d 567 (1961); Gustin v. Zoning Board of Sayre Borough, 55 Pa. Commw. 410, 423 A.2d 1085 (1980).

As an alternative to allowing the convenience store and restaurant as an accessory use, Bruaw sought a special exception for his planned enterprise. The Board denied the request, stating that Bruaw had not met the burden of proving that the requested use fell within the provisions for a special exception within an R-1 district.

A special exception is not an exception to the application of the zoning law. Rather, a special exception is a use that is permitted unless, under the circumstances, such use would adversely affect the well-being of the district, according to pre-established standards. Heck v. Zoning Hearing Board for Harvey's Lake Borough, 39 Pa. Commw. 570, 397 A.2d 15 (1979). Special exceptions function as planning devices allowing flexibility and restraint within the rigid use regulations for each district designation. Each use by special exception is a carefully considered legislative judgment that such a use will be consistent with the best interests of the community within that type of district.

Characteristically, the ordinance provides for specific categories of uses permitted by special exception in each of the different zoning districts. Thus, in low density residential districts, schools, public utility substations and exchanges, cemeteries, planned residential development and home occupations are permitted by special exception under subsection 201.1. In contrast to these, in restricted industry districts, radio and television transmitters, retail sales of products related to industrial uses,

public utilities, and apartment buildings are permitted by special exception, under subsection 501.1.

Bruaw argues that because the gasoline station is a nonconforming use, his special exception should be granted from the category of uses by special exception provided in restricted industry districts, where gasoline stations are permitted by right. Clearly, it was never the drafter's intent to allow new nonconforming uses to enter, by special exception, into more restrictive zoning districts.

After a consideration of the proceedings before the board, we cannot conclude that the board abused its discretion or committed errors of law. Accordingly, the judgment of the board is affirmed.

## ORDER OF COURT

And now, this August 8, 1983, for the reasons stated in the opinion filed this date, the judgment of the Zoning Hearing Board of Mechanicsburg is hereby affirmed.