556 A.2d 955

David Drucker *v.* The Zoning Hearing Board for The Borough of Wilkinsburg. The Borough of Wilkinsburg, Appellant.

Argued February 10, 1989, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*W. Timothy Barry, Dattilo, Barry, Fasulo & Cambest, P.C.,* for appellant.

*George B. Handelsman,* for appellee.

OPINION BY JUDGE CRAIG, April 5, 1989:

The Borough of Wilkinsburg appeals from a decision of the Court of Common Pleas of Allegheny County that reversed a decision of the Wilkinsburg Zoning Hearing Board denying the application of David Drucker (applicant) for a special use permit.

The general issue is whether the application met the ordinance standards for changing a nonconforming use to another equally or more appropriate nonconforming use.

The applicant owns a building consisting of five garages, internally separated by wire mesh, and a small storeroom. The building is located in an R-2 residential district and is designated as a pre-existing nonconforming use in that district. The applicant presently rents the garages to various individuals who use the spaces for storing personal automobiles, furniture, other personal belongings or trucks.

The property is under an agreement of sale to Larry Vixman (purchaser), the owner of an automobile sales business located on a main thoroughfare in the borough. The agreement is contingent on the applicant's receiving approval of the proposed special permit to allow a change from the existing nonconforming use to use of the storeroom as an office and use of the garage space for the storing, cleaning and repair of automobiles (exclusive of bodywork) in conjunction with the purchaser's business. Under the Wilkinsburg ordinance, an application for a special permit is the equivalent of an application for a special exception elsewhere.

At a hearing before the zoning hearing board, the applicant testified concerning his inability to rent the storeroom part of the structure because of zoning restrictions and concerning the proposal of the purchaser to use the garage portions for minor detail work such as buffing, cleaning and waxing cars, not heavy bodywork. Several owners of nearby properties testified as to their concerns relating to problems of chemical fumes and noise, increased traffic, possible reduction in nearby property values, and safety (in view of existing structural problems with the building). The purchaser testified concerning his plans to rehabilitate the structure before using it and his

intention not to use toxic chemicals or to make significant noise in the proposed reconditioning process or to park any cars outside the building.

The board issued a written decision and opinion that included findings: (1) that the property was not in condition to be used for the type of business proposed; (2) that even if the property were improved, "the uncertainty of the effect of certain chemicals even non-toxic chemicals cannot be ascertained in the presence of many respiratory and pulmonary problems of the present and/or future local residents"; and (3) that "the problem of noise from the cleaning and buffing equipment during both the winter and summer months cannot be ascertained or controlled ... ." From these findings the board concluded that the health and general welfare of local residents would be imperiled if the special permit were granted for the proposed use, and the board therefore denied the application.

On appeal, the court of common pleas reversed, concluding that the board had committed error of law by holding the applicant to a standard of proof applicable to a variance request rather than to a special exception request and by placing the burden of showing no detriment to the community on the applicant, instead of placing the burden of showing detriment on the protestants. Further, the court concluded that the board had abused its discretion by basing its opinion on conclusions relating to the effects of noise and fumes that were purely matters of conjecture, not based on findings that were supported by substantial evidence in the record.

Where the court of common pleas has taken no additional testimony in a zoning appeal, this court's scope of review is to determine whether the zoning hearing board abused its discretion or committed error of law. *Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa. Commonwealth Ct. 164, 546 A.2d 755 (1988).

There is no constitutionally protected right to change from one nonconforming use to another; allowance of a change of nonconforming use is based upon the ordinance and is limited according to the ordinance's terms. *Hanna v. Board of Adjustment*, 408 Pa. 306, 183 A.2d 539 (1962); *Altpa, Inc. et al. v. North Huntingdon Township Zoning Hearing Board*, 67 Pa. Commonwealth Ct. 60, 445 A.2d 1358 (1982). As to the nature of special exceptions in general, this court observed in *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980):

> The important characteristic of a special exception is that it is a conditionally permitted use, legislatively allowed *if the standards are met.* City of Pittsburgh v. Herman, 7 Pa. Commonwealth Ct. 243, 298 A.2d 624 (1973); . . . (Emphasis added.)

> Specificity is the essential characteristic of operative special exception requirements in an ordinance. The Pennsylvania Supreme Court has long defined a special exception as one allowable where requirements and conditions *detailed* in the ordinance are found to exist. Lukens v. Ridley Township Zoning Board, 367 Pa. 608, 80 A.2d 765 (1951); Devereux Foundation, Inc. Zoning Case, 351 Pa. 478, 41 A.2d 744 (1945). (Emphasis in original.)

*Bray*, 48 Pa. Commonwealth Ct. at 527, 410 A.2d at 911.

The court went on to clarify that as to *specific requirements* in an ordinance, the applicant has both the burden of persuasion and the duty to go forward to present evidence. However, as to *general requirements*, for example, that the grant of the exception not result in general detrimental effect to the health, safety and welfare of the neighborhood or that the new use remain in

harmony with the spirit, intent or purpose of the ordinance, any objectors have both the burden of persuasion and the duty to go forward with evidence. This analysis of evidentiary burdens is simply another way of saying that if an applicant has presented sufficient evidence to show that his proposed use (or other requested exception) satisfies the legislatively established specific requirements in the ordinance, then the exception is presumed to be not detrimental to the neighborhood and otherwise harmonious with the goals of the ordinance. If the exception is to be denied, then the objectors must prove the contrary.

As the applicant noted in his initial application, the key criterion for determining whether this application should be granted is that found in section 7.500 c. of the Wilkinsburg Zoning Ordinance:

> If no structural alterations are made, any nonconforming use of a structure, or structure and premises, may as a special exception be changed to another nonconforming use provided that the Zoning Hearing Board, either by general rule or by making findings in the specific case, *finds the proposed use is equally appropriate or more appropriate to the district than the existing use.* In permitting such change, the Zoning Hearing Board may require appropriate conditions and safeguards in accordance with the provision of this Zoning Ordinance . . . . (Emphasis added.)

If the above section were construed as providing no specific standards to serve as a basis for the board's decision, then the section would amount to an impermissible delegation of legislative authority to the board—the board would be making up standards in each case. However, our cases make clear that the section should not be so construed. In *Gustin v. Zoning Hearing Board of*

*Sayre Borough*, 55 Pa. Commonwealth Ct. 410, 423 A.2d 1085 (1980), an owner appealed from an order of a zoning board, affirmed by the common pleas court, denying his application for a permit to install self-service gas pumps on his "convenience store" property. The existing store was a lawful nonconforming use. This court, noting that an owner cannot as of right establish a use different in nature from the originally contemplated nonconforming use, viewed the question to be decided as that of whether adding the retail sale of gasoline involved a use different from the existing one. To determine that question, the court held:

> We must look to the applicable zoning ordinance's structure as our chief guide with respect to how uses are categorized for the particular municipality. Appeal of Russian Orthodox Church of Ambridge, 397 Pa. 126, 152 A.2d 489 (1959); *see* R. Ryan, Pennsylvania Zoning Law and Practice §4.2.1 (1970).

*Gustin*, 55 Pa. Commonwealth Ct. at 412, 423 A.2d at 1086.[1]

In this case, the construction and application of section 7.500 c. of the Wilkinsburg Zoning Ordinance presents an analogous problem. The section's requirement that the board determine whether a proposed nonconforming use would be "equally appropriate or more appropriate to the district than the existing nonconforming use" provides a workable standard so long as the determination of appropriateness is made with reference to the

---

[1] Section 4.2.1 of R. Ryan, Pennsylvania Zoning Law and Practice (1981) provides a detailed discussion of the use of the structure of a zoning ordinance as an aid to interpretation of the ordinance. *See also* §5.8.1 of Ryan (1981) (detailing three "areas of inquiry" upon which special exception applications turn) *and* §§5.2.1 through 5.2.5 (1981 & Supp. 1986) (relating to standards governing special exception applications).

structure of the zoning ordinance. That analysis involves finding in the ordinance the expressly permitted uses which are respectively most similar to the present use and the proposed use—thus determining whether the proposed use is in the same or a higher category of use according to the hierarchy established by the structure of the ordinance.

The difficulty in the present case is that neither the board nor the court of common pleas made the determination of relative appropriateness required by section 7.500 c. Although we agree with the court of common pleas that the board abused its discretion by going outside the record for the basis for its findings (for example, there is no mention in the record of respiratory or pulmonary problems of current or future residents of the neighborhood), and although the court was correct in holding that the board erred by placing the burden of proving no detrimental effect on the applicant, the court's correction of these errors did not have the effect of establishing that the applicant had met his burden of showing that the proposed nonconforming use was equally or more appropriate to the district than the existing use. Therefore the court could not order the board to grant the application before a determination had been made regarding the appropriateness of the proposed use.

The courts have the tools to perform the appropriateness analysis. Section 6107 of the Judicial Code, 42 Pa. C. S. §6107, provides that the ordinances of municipal corporations of the Commonwealth shall be judicially noticed and that the tribunal may inform itself of such ordinances in such manner as it may deem proper, including calling upon counsel to aid it in obtaining information. Hence this court should remand this case to the trial court to resolve the legal issue of interpreting the categories and definitions in the borough's zoning ordi-

nance, in that such a remand will permit the parties to present arguments directly on the issue of whether the proposed use meets the standards set forth in section 7.500 c. of the ordinance. We believe that is the preferable course, rather than to have the issue determined by this court without the benefit of argument from the parties.

Accordingly, we shall vacate the order of the court of common pleas and remand this case to the court for a determination of whether the proposed nonconforming use is equally appropriate or more appropriate to the district than the existing nonconforming use. We call attention to the definitions of public and private garages provided in sections 3.200 (24) and (25) of the ordinance, as well as to the provisions relating to garages in the residential districts and to automobile repair or servicing facilities in the commercial districts, principally section 5.700 a. 5., and any other pertinent ordinance sections, for such light as they may cast on the question.

## ORDER

Now, April 5, 1989, the order of the Court of Common Pleas of Allegheny County at No. S.A. 631 of 1987, dated July 14, 1988, is vacated, and this case is remanded to the court with instructions to make a determination of whether the proposed nonconforming use is equally appropriate or more appropriate to the district than the existing use according to the categorization of uses established by the structure of the borough's zoning ordinance.

Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.