Horninger, et al. *v.* Bethlehem Township Police Association.

Argued February 9, 1973, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Donald B. Corriere*, with him *Haber and Corriere*, for appellants.

*John E. Gallagher*, for appellee.

OPINION BY JUDGE ROGERS, March 15, 1973:

Daniel S., Betty M. and Richard L. Horninger, landowners of Bethlehem Township, Northampton County, have here appealed from an order of the Court of Common Pleas directing the issuance of a certificate permitting the Bethlehem Township Police Association to use neighboring land as a pistol range and recreation area in nonconformity with the township zoning ordinance.

The Police Association, lessee for an annual rental of one dollar of about six acres of a 15 acre tract owned by the Posh Construction Co. and located in a "R-UN" residential district, where pistol ranges and recreational establishments are not allowed, applied for a variance. The Zoning Hearing Board refused the application. On appeal, the court below held that a variance was not required since the Association was entitled to use the land as it desired because a nonconforming

use of the entire 15 acre tract as a construction yard had been established and certified by the township and because the ordinance permitted a change from one nonconforming use to another of the type proposed. It is Posh's intention, if the Association finally obtains a permit, to continue using its land not leased to the Association as a construction yard. If the permit is denied Posh will use the whole property in its business.

Since the court below heard the case de novo, we are reviewing its action and not the Board's. *Pantry Quik, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971). The question here is whether Section 1300.51 of the Bethlehem Township Zoning Ordinance, upon which the court relied, authorizes establishment of two nonconforming uses on land where one previously existed. We think not.

Section 1300.51 of the ordinance provides: *"Any nonconforming principal and/or accessory use of a principal and/or accessory conforming or nonconforming structure and/or land may be changed to another nonconforming new principal and/or accessory use,* provided the new principal and/or accessory use shall be a permitted use in the Zoning District in which the existing principal and/or accessory nonconforming uses are permitted uses or more restricted uses." (Emphasis supplied.) We read this section to mean that one engaged in a nonconforming use of land may change that use to another by discontinuing the first and substituting the second; not that he may continue the first on a part of his land without change and erect an additional use incompatible with the requirements of the district. The word "changed" and the employment of the singular number of the word use and of the phrase "principal use" contemplate a change from one use to another use, not the retention of the nonconforming use while adding an entirely new and forbidden use. If a use should be added what thereafter is the principal

use? The Court of Common Pleas of Montgomery County arrived at the same conclusion as we in *Sedlemeyer v. Lower Providence Twp.*, 83 Montg. Co. L.R. 178 (1964), where applicants seeking a permit to establish a dog kennel, a use not permitted in the area, intended to continue their existing nonconforming use of the property as a dwelling house. The court there held that a provision for change not substantively different from that of the instant case did not authorize the simple addition of a nonconforming use.

Our interpretation is consistent with the law of nonconforming uses best stated, we believe, in *Hanna v. Board of Adjustment*, 408 Pa. 306, 183 A. 2d 539 (1962), where Chief Justice BENJAMIN JONES wrote: "The continuance of nonconforming uses under zoning ordinances is countenanced because it avoids the imposition of a hardship upon the property owner and because the refusal of the continuance of a nonconforming use would be of doubtful constitutionality. Even though zoning ordinances permit the continuance of nonconforming uses, it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses. Nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which should be reduced to conformity as speedily as is compatible with the law and the Constitution. The fact that a new contemplated nonconforming use of the property is no more detrimental or less objectionable than the existing use is of no consequence: Williams Appeal, 174 Pa. Superior Ct. 570, 580, 102 A. 2d 186." 408 Pa. at 312-313, 183 A. 2d at 543.

We do not hold that in no case may an additional nonconforming use be established upon property already subjected to such a use. The ordinance may permit it; or, if not permitted by the ordinance, the nonconform-

ing use may be required in order to preserve constitutional rights or a variance allowed upon a showing of unnecessary hardship. Neither such case was made here. The Police Association's proofs consisted of the lease and its desire to use the demised premises for a purpose not permitted by the ordinance. Posh is simply accommodating the Police Association and will, if the Police Association is finally denied a permit, use all of the property for its own purposes, as it is legally entitled to do.

For the reasons set forth herein, the order of the court below is reversed.