Catherine Martire, Irene Keller and Nancy Schnupp, Appellants *v.* The Zoning Board of Adjustment of the City of Pittsburgh et al., Appellees.

Argued February 28, 1983, before Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*J. Kerrington Lewis,* for appellants.

*Kathryn E. Hanna Katsafanas,* Assistant City Solicitor, with her *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE BARBIERI, May 11, 1983:

Catherine Martire, Irene Keller and Nancy Schnupp (Appellants), the owners of a restaurant located in the City of Pittsburgh (City), appeal here from an order of the Court of Common Pleas of Alle-

gheny County affirming a decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board) which denied their application to allow dancing on their premises. We affirm.

The property which is the subject of this appeal is located in an area of the City zoned as a M1 Limited Industrial District. In 1968, a prior owner of this property obtained a special exception permitting a change in its status from its then nonconforming use as a residence to its current nonconforming use[1] as a restaurant. In 1979 Appellants purchased the property, and shortly thereafter were cited for permitting dancing on their premises, a use specifically prohibited in M1 Limited Industrial Districts. Appellants then applied for, and were denied, an occupancy permit to permit "dancing and disco" on their premises. In response to this denial, Appellants appealed to the Board alleging, *inter alia,* that dancing was a permitted use under the applicable provisions of the Pittsburgh Code. Following a hearing, however, the Board concluded (1) that dancing was a prohibited use in the district in question and (2) "that the appellant failed to submit sufficient evidence or testimony to substantiate the granting of this appeal for approval of a use not permitted under the Zoning Ordinance in the subject district." Appellants then appealed to the court of common pleas alleging in essence, that they were entitled to either a special exception or a variance permitting dancing on their premises. Following a de novo hearing, be-

---

[1] While strictly speaking, a nonconforming use is any activity or structure which came into existence prior to a zoning restriction and which now violates that restriction, the term "nonconforming use" is often used in a loose sense to describe any nonconformance with a zoning ordinance. *See Ryan, Pennsylvania Zoning, Law and Practice,* §7.1.8 (1970).

fore a referee appointed by the court, the referee issued a preliminary decision "denying appellants' request." In this decision, the referee reviewed the testimony of several neighbors who had voiced objections to the dancing being conducted on Appellants' premises, and concluded that

> [t]he health and welfare of the neighbors and the neighborhood in general seems to be adversely affected by the entertainment which was taking place in the restaurant, especially in regard to the possibility of inaccessibility by the City of Pittsburgh Fire Department, emergency medical vehicles and police cars.
>
> No testimony was presented which would demonstrate the usefulness of such a "night club" in an area which is essentially a residential district. The health and welfare of the residence [sic] is not in any way, shape or form improved by allowing such a nonconforming use.

The referee then cited several cases for the proposition that mere hardship in itself is not sufficient grounds *for the granting of variances,* and concluded "that the hardship enunciated by [Appellants] is not sufficient to sustain its request, nor is it in the public interest to have such an operation in this particular geographical area." By an order dated February 19, 1982, the court of common pleas adopted the referee's decision as its own, and accordingly dismissed Appellants' appeal. The present appeal followed.

Before this Court, Appellants initially allege (1) that the court of common pleas erred by applying the tests for a variance to their request and (2) that they are entitled as a matter of right, under the provisions of the Pittsburgh Code, to an occupancy permit. permitting dancing on their premises.

We initially note that a great deal of confusion was generated in this case by Appellants' failure to clearly specify before the Board, or the court of common pleas, whether they were seeking a variance or a special exception.[2] This confusion is mirrored in the decision of the court of common pleas. It is clear from our review of the applicable provisions of the Pittsburgh Code, however, that Appellants' request was, in effect, a request for a special exception.

Initially we note that

a special exception is not an exception to a zoning ordinance but a use which is permitted unless, under the circumstances, such use would adversely affect the community, Bruner v. Zoning Hearing Board, 12 Pa. Commonwealth Ct. 108, 315 A.2d 359 (1974), and once an applicant for a special exception proves that the proposed use is a permitted one the burden falls upon a protestant to prove that the use would constitute a detriment to public health, safety, or welfare, Copeechan Fish and Game Club v. Zoning Hearing Board, 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977).

*Heck v. Zoning Hearing Board for Harvey's Lake Borough,* 39 Pa. Commonwealth Ct. 570, 575, 397 A.2d 18 (1979).

Here, the applicable provision of the Pittsburgh Code reads as follows:

---

[2] The appellants have stated in their brief that the court below incorrectly applied the law of variances to their application for a special exception. It is worth noting, however, that at the hearing before the Board of Adjustment, counsel for the appellants requested no less than six times that a variance be granted. In that the issue to this Court regards the granting of a special exception, we shall not and do not address whether a variance would have been proper.

(b) Uses which are permitted only as special exceptions. . . .

(2) Extension of a nonconforming use within a nonconforming structure, or the *change of such use within a nonconforming structure* to a conforming use or *to another nonconforming use that is determined by the Board to be no more detrimental to the neighborhood.* . . . (Emphasis added.)

Section 963.05(b)(2) of the Pittsburgh Code. Hence, a change in a nonconforming structure to another nonconforming use is specifically allowed in Pittsburgh if the Board determines that the new use is no more detrimental to the neighborhood than the old use, and Appellants therefore correctly note in their brief to this Court that the court of common pleas erred by indicating in its decision that Appellants had failed to meet the requirements for the granting of a variance, since the change in use they requested was in effect a request for a special exception. We do not believe that it is necessary to remand this case, however, since the court of common pleas in its decision addressed itself, in the language quoted above, to the sole issue to be decided in this special exception case, that issue being whether the use proposed by Appellants would be more detrimental to the neighborhood than its current permitted use. The court of common pleas, in affirming a similar decision by the Board, concluded that the use proposed by Appellants would, in fact, be more detrimental to the neighborhood, and our review of the record indicates that this conclusion is amply supported by substantial evidence indicating that the presence of dancing in Appellants' restaurant generated a considerable amount of traffic congestion and noise which would otherwise not be present if dancing were not allowed. We therefore believe that

the court of common pleas properly affirmed the Board's denial of Appellants' request for a special exception.

Lastly, Appellants allege that they have a vested right to continue the dancing on their premises based on eleven years acquiescence to this use by the City.[3] We disagree.

While a property owner who uses his property in obvious violation of a zoning ordinance for a long period of time, and with the apparent acquiescence of a municipality, may acquire a vested right to such use,[4] *Appeal of Kates,* 38 Pa. Commonwealth Ct. 145, 393 A.2d 499 (1978); *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974), there is no evidence of record in the case *sub judice* indicating that the City knew, or should have known, that dancing was being permitted in Appellants' restaurant in violation of the provisions of the Pittsburgh Code. We believe, therefore, that Appellants failed, as a matter of law, to establish that they had acquired a vested right.

ORDER

AND Now, this 11th day of May, 1983, the order of the Court of Common Pleas of Allegheny County, dated February 19, 1982, affirming the denial of the appellants' application to the Zoning Board of Adjustment of the City of Pittsburgh, is hereby affirmed.

---

[3] The City maintained before the court of common pleas that dancing had not occurred on the premises in question prior to the Appellants' purchase of this property. The court of common pleas failed to resolve this factual dispute.

[4] We have also held that municipal inaction or a mere delay in enforcement does not create a vested right. *Glazer v. Zoning Hearing Board of Worcester Township,* 55 Pa. Commonwealth Ct. 234, 423 A.2d 463 (1980); *Marzo v. Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977).