In Re: Appeal of Atlantic Richfield Company From Decision of the Newtown Township Zoning Hearing Board. Atlantic Richfield Company, Appellant.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*John A. VanLuvanee, Eastburn and Gray,* for appellant.

*C. David Krewson, Stuckert, Yates & Krewson,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 26, 1983:

This zoning case comes before us on appeal from an order of the Court of Common Pleas of Bucks County. The court affirmed a decision of the Newtown Township Zoning Hearing Board (Board) denying appellant Atlantic Richfield Company's (ARCO) request for a special exception.

The appellant is the owner of a parcel of land in Newtown Township on which it presently operates a service station. This use of the property was permitted by the grant of a special exception to the appellant in 1967. Since that time, the premises have been used for automobile repairs and services, the sale of gasoline, and the sale of automobile parts and supplies. In 1972, the area within which the tract is located was rezoned to high-density residential, making appellant's service station a nonconforming use.

On or about April 3, 1980, ARCO applied to the Board for a special exception under Section 1001.3 of the Newtown Township Zoning Ordinance. This Section provides in pertinent part:

*Changes.* A nonconforming use of a structure or land may be changed to a nonconforming use of the same or a more restricted classification, if no structural alterations are made therein, provided that such change may include structural alteration when authorized as a special exception.

In its application, ARCO proposed to change the nonconforming use of the property as a service station to an "AM/PM Mini-Market," another nonconforming

use. The service station business would be discontinued with respect to repairs, mechanical work, and the sale of parts and supplies. Gas would continue to be sold, although on a self-service basis only. In addition, the station building would be converted to a convenience store for the sale of items such as groceries, sandwiches, and coffee. Structural alterations to the building would include the removal of the large overhead doors to the garage bays and their replacement with windows and a passage door.

After several hearings on ARCO's application were held before it, the Board rendered a decision denying the request for a special exception. ARCO filed a timely appeal to the Court of Common Pleas of Bucks County, which affirmed the Board's decision by order dated February 8, 1982. It is an appeal from that order which is now before this Court.

Section 1001.3 of the ordinance authorizes the change of one nonconforming use to another of the same or a more restricted classification *by the discontinuance of the first use and the substitution of the second.* Neither this Section, nor any other provision of the ordinance, permits a landowner to continue an existing nonconforming use on his property while, at the same time, establishing an entirely new and additional use which is incompatible with the requirements of the zoning district.[1] The issue presented by this

---

[1] The right to change a nonconforming use generally does not include the right to retain a nonconforming use while adding another. *Fiechter v. Zoning Hearing Board of Pennsbury Township,* 73 Pa. Commonwealth Ct. 253, 458 A.2d 616 (1983). There may be cases, however, where an additional nonconforming use may be established. For example, such an additional use may be permitted by the zoning ordinance; the additional nonconforming use may be required in order to preserve constitutional rights; or a variance may be granted to permit the addition of such a second use. *Horninger v. Bethlehem Township Police Ass'n,* 8 Pa. Commonwealth Ct. 85, 301 A.2d 433 (1973). None of these situations is involved here.

appeal is whether appellant's proposal to replace the service station with an "AM/PM Mini-Market" would constitute a change from one nonconforming use to another, or whether, in contravention of the ordinance, it would result in the addition of a new nonconforming use to the existing one.[2]

There is no dispute that the existing use of the property is classified under the Newtown Township Zoning Ordinance as a "gasoline service station," which is defined by Section 302.51 as follows:

*Gasoline Service Station.* An area of land, together with any structure thereon, used for:

a. The retail sale of motor fuel and lubricants and incidental services, such as lubrication and handwashing of motor vehicles, *and*

b. The sale, installation or minor repair of tires, batteries, or other automobile accessories. (Emphasis added.)

Clearly, the retail sale of gasoline, in the absence of automobile repairs and services, is not a "gasoline service station." Furthermore, the retail sale of gasoline is not specifically recognized as a separate and distinct use under the ordinance. The appellant contends that the sale of gasoline must, perforce, be considered an activity within the retail sales category of the ordinance, as set forth in Section 502.2:

a. A building shall be erected, altered, or used, and lot or premises shall be used . . . for.

. . .

1) Retail sale of dry goods, variety and general merchandise, clothing, food, books, hardware, garden supplies, flowers, drugs, household supplies or furnishings, sale or repair of jewelry, watches and clocks, optical

---

[2] The question of whether or not the proposed change would be to a use of the same or a more restricted classification is not involved in this appeal.

314

goods, or musical, professional or scientific instruments and office supplies.

It is readily apparent that the marketing of groceries, sandwiches, coffee, and other convenience store items is permitted within this use category. Based on the premise that the retail sale of gasoline is also permitted within this classification, ARCO submits that the retail sale of gasoline, combined with the operation of a convenience store, becomes a single retail sales use permitted under Section 502.2.a.1. Therefore, if we accept the appellant's position, ARCO's proposal to convert the gasoline service station to an "AM/PM Mini-Market" would result in the substituition of a single nonconforming use, *i.e.,* a mini-market-gasoline station, for the existing nonconforming use.

Preliminarily, it should be observed that, although constitutional considerations require that nonconforming uses be permitted to continue, it is the policy of the law to closely restrict such uses. *Horninger v. Bethlehem Township Police Association,* 8 Pa. Commonwealth Ct. 85, 301 A.2d 433 (1973). Furthermore, there is no constitutionally protected right to change one nonconforming use to another use not permitted in the applicable zoning district. *Hanna v. Board of Adjustment,* 408 Pa. 306, 183 A.2d 539 (1962). For these reasons, where a zoning ordinance provides the right to change a nonconforming use, such a provision must be strictly construed. *Fiechter v. Zoning Hearing Board of Pennsbury Township,* 73 Pa. Commonwealth Ct. 253, 458 A.2d 616 (1983).

With these considerations in view, we turn to an examination of the Newtown Township Zoning Ordinance. First, we note that Section 502.2.a.1 does not state that a building, lot, or premises may be used for the retail sale of items "such as" or "including" those set forth in that Section, and therefore, does not

merely list examples of goods which may be sold within the retail sales category. Instead, this provision specifies the *only* commodities which may be sold within this use classification, and gasoline is not among them.

Moreover, the retail sale of the commodities listed in Section 502.2.a.1 is permitted as of right in C-1 convenience commercial districts of the Township. Gasoline service stations, on the other hand, are permitted by special exception in M-1 light manufacturing districts, pursuant to Section 602.2.c.2. Because the marketing of the items listed in the retail sales category, and the sale of gasoline, which is an element of a gasoline service station use, are permitted in different zoning districts of the Township, it is clear that the two activities are considered to be dissimilar in character. *See Gustin v. Zoning Hearing Board of Sayre Borough,* 55 Pa. Commonwealth Ct. 410, 423 A.2d 1085 (1980).

For these reasons, we cannot agree with the appellant's contention that the sale of gasoline must be deemed to be within the retail sales category. In making such an assertion, what the appellant asks us to do, in essence, is to judicially redraft the ordinance to include gasoline in that use classification, thereby making mini-market-gas stations permitted under that category. As we stated in *Gustin,* 55 Pa. Commonwealth Ct. at 413, 423 A.2d at 1086:

> We recognize the current trend . . . toward the selling of gasoline, in addition to other commodities, by local retail convenience stores. . . . But the courts would be overreaching judicial authority if they were to regard the categories in a zoning ordinance as being automatically rewritten to embrace such a trend. Any updating of zoning ordinance categories must be left to the local lawmakers who enacted it.

In light of the foregoing, we hold that ARCO is not permitted to operate a convenience store and sell gasoline on the subject premises. The appellant does not propose to discontinue one nonconforming use and substitute another, but instead, desires to retain a part of the existing nonconforming use—the sale of gasoline—and at the same time, establish an entirely new nonconforming use—a convenience market. Such a proposal runs counter to the terms of the ordinance. Accordingly, we affirm the decision of the court below.

### ORDER

AND Now, the 26th day of September, 1983, the order of the Court of Common Pleas of Bucks County in the above-captioned matter at No. 80-12214-09-5, dated February 8, 1982, is hereby affirmed.