The Southland Corporation, Appellant *v.* Zoning Board of Adjustment of the City of Philadelphia and the City of Philadelphia, Appellees.

Argued June 6, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*John J. Musewicz,* for appellant.

*Joy J. Bernstein,* Assistant City Solicitor, with her, *Barbara W. Mather,* City Solicitor, for appellees.

OPINION BY JUDGE PALLADINO, August 29, 1985:

This is an appeal by The Southland Corporation (Appellant) from an order of the Court of Common Pleas of Philadelphia (trial court) which affirmed a decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) denying Appellant a variance.

Appellant is the owner of a parcel of real estate, located at the corner of Cottman and Whitaker Avenues in the City of Philadelphia, which is zoned R-5.

The parcel is a corner lot bordered by two four-lane streets, a convenience store and a residence. The lot was previously the site of an abandoned and dilapidated house which has been demolished by Appellant. Appellant requested a variance from the use and setback restrictions of the R-5 district to enable it to build a 7-Eleven convenience store with gasoline service and accessory signs and parking.

The Board held a hearing on September 13, 1983 at which Appellant presented evidence to establish that the property is uniquely burdened by the zoning ordinance and that the proposed use would not be detrimental to the public health, safety and general welfare. Evidence was also presented by neighborhood residents who protested the variance. The Board concluded that Appellant failed to sustain its burden of proving that the property was uniquely burdened. The Board also concluded that the proposed use would be detrimental to the public health, safety and welfare because: 1) it would increase congestion in the public streets; 2) would increase the danger of fire; and 3) would be adverse to the public's general welfare contrary to the spirit and purpose of the zoning ordinance. The Board, therefore, denied the variance.

Appellant appealed to the trial court, asserting that the Board's conclusions were not supported by substantial evidence and, therefore, the Board had abused its discretion. The trial court found that substantial evidence existed in the record to support the Board's conclusions and dismissed the appeal.

On appeal to this Court, Appellant again argues that the Board abused its discretion because its findings that the property was not uniquely burdened and that the proposed use would be detrimental to the public health, safety and welfare were not supported by substantial evidence.

Where, as here, no additional testimony is taken by the trial court, this Court's scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Fiechter v. Zoning Hearing Board of Pennsburg Township,* 73 Pa. Commonwealth Ct. 253, 458 A.2d 616 (1983). A party seeking a variance bears a two-pronged burden of proving that: 1) an unnecessary hardship, which is unique to the property, will result if the variance is denied; and 2) the proposed use will not be contrary to the public interest. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Appellant argues that it met its burden of proving that the denial of the variance will create an unnecessary hardship which is unique to the property. In support of this argument, Appellant relies upon the following facts which were presented at the Board hearing: 1) the property had been abandoned for many years; 2) despite repeated attempts to sell the property, no one other than Appellant was interested in purchasing it; and 3) the property is abutted by two four-lane streets and a convenience store. From these facts Appellant concludes that the property is not usable for residential purposes because "no one would want to reside there." Based upon these facts, and the conclusion which Appellant draws from them, Appellant contends that the case at bar fits within "the precise reasoning and holding of *Valley View Civic Association*". We disagree.

In *Valley View* a property owner applied for a variance to convert a ground floor office, with two apartments upstairs, to a steak and sandwich shop. The Zoning Board of Adjustment of Philadelphia *granted* the variance. In upholding the Board's decision against a challenge by protestants, the Pennsyl-

vania Supreme Court stated that the Board did not abuse its discretion in finding that the property was unusable for residential purposes based upon substantial evidence in the record that the property was located on a busy street, was abutted by a convenience store and gas station and was surrounded by numerous other commercial uses. 501 Pa. at 559, 462 A.2d at 642. The *Valley View* Court concluded that it is the Board's function to determine whether an unnecessary hardship is presented and because the evidence of the commercial nature of the neighborhood constituted substantial evidence to support the Board's findings, the Board's decision would not be disturbed on appeal. *Id.*

In the case at bar, however, the Board found that Appellant's property was not uniquely burdened by being restricted to residential use. This finding was based upon the testimony of protestants which established the following facts: 1) the unsaleability of Appellant's property was caused by its unkempt and dilapidated condition; 2) the property is abutted by a residence; and 3) the property was zoned residential because of the physical characteristics of the property itself as well as the residential nature of Whitaker Avenue and the surrounding area. These facts of record constitute substantial evidence to support the Board's conclusion that the Appellant will not suffer unnecessary hardship which is unique to the property if the variance is denied. The Board therefore did not abuse its discretion.

Because we affirm the order of the trial court on the ground that the Board's conclusion that Appellant did not meet its burden of proving unnecessary hardship is supported by substantial evidence, we need not address the issue of whether the Board abused its discretion by concluding that the proposed use

would be detrimental to the public health, safety and welfare.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND Now, August 29, 1985, the order of the Court of Common Pleas of Philadelphia, No. 5214 October Term, 1983, dated June 29, 1984, is affirmed.