**Northampton Township v. Reydler**

*James J. Musial,* for appellant.
*William E. Benner, Stephen P. Moyer, Timothy Duffy* and *Scott W. Semisch,* for appellees.

CEPPARULO, *J.,* August 9, 2005—

## I. INTRODUCTION

Northampton Township has appealed from this court's decision of June 13, 2005, affirming the December 13,

2004 decision of the Northampton Township Zoning Hearing Board, which granted the application for special exception filed by John and Regina Reydler. This opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## II. PROCEDURAL AND FACTUAL BACKGROUND

John and Regina Reydler purchased the property known as 48 Churchville Lane, Holland, Northampton Township, Bucks County, Pennsylvania (property) on May 28, 2004. (See opinion of the Zoning Hearing Board of Northampton Township no. 2004-18, p. 1.) The property is comprised of about 0.66 acres and is zoned as R-2 single family residential district. (*Id.* at 1-2.) However, the property has been the subject of various nonconforming uses since 1938, including use as a business for the repair and manufacture of electric motors and a machine shop for the assembly of optical microscopes. (*Id.* at 2.) Immediately prior to the Reydlers' purchase, the property was being used for the administrative offices, meetings and social functions of a veterans' organization. (*Id.* at 3.)

On May 7, 2004, the Reydlers filed an application for a special exception under section 140-60 of the Northampton Township Zoning Ordinance. The application requested the special exception in order to change the use of the property from the existing operation as a veterans' center to a day-care facility for young children. The Reydlers did not seek any variances. On December 13, 2004, the Northampton Township Zoning Hearing Board granted the application subject to 15 conditions, which regulated the operation of the day-care facility.

Northampton Township appealed the decision to the Court of Common Pleas of Bucks County and a Rule *27 conference was held in chambers on March 14, 2005. Thereafter, the parties were ordered to file briefs addressing the merits of the action. On June 13, 2005, this court issued an order affirming the decision of the Northampton Township Zoning Hearing Board in its entirety. Northampton Township now appeals from our June 13, 2005 order.

## III. ISSUES

Northampton Township lists three issues on appeal. (See statement of matters complained of on appeal.) Those issues are: (1) whether the board committed an error of law or abused its discretion by determining that the Reydlers' request to operate a day-care facility on the property did not require a variance to permit expansion or extension of the existing nonconforming use as a veterans' center pursuant to Northampton Township Zoning Ordinance section 140-63; (2) whether the board committed an error of law in determining that Northampton Township had the burden to prove that the Reydlers' request to use the property as a daycare required a variance; and (3) whether the board abused its discretion by imposing conditions on the approval of the special exception when the imposed conditions themselves result in the expansion or extension of the nonconforming use.

## IV. ANALYSIS OF ISSUES

The standard of review for appeals from decisions of zoning hearing boards is well settled. "Since no addi-

tional evidence was presented subsequent to the board's determination, the scope of our review is limited to determining whether the board committed a manifest abuse of discretion or an error of law in granting [or denying] the instant variances." *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554, 462 A.2d 637, 639 (1983). (citations omitted) "We may conclude that the board abused its discretion only if its findings are not supported by substantial evidence. . . . By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 555, 462 A.2d at 640. (citations omitted) Therefore, the inquiry of this court is limited to whether the board committed an error of law and whether substantial evidence in the record supports the board's actions in granting the requested special exception subject to the conditions imposed by the board.

1. *Whether the Board Committed an Error of Law or Abused Its Discretion by Determining That the Reydlers' Request To Operate a Day-Care Facility on the Property Did Not Require a Variance To Permit Expansion or Extension of the Existing Nonconforming Use As a Veterans' Center Pursuant to Northampton Township Zoning Ordinance Section 140-63*

The Northampton Township Zoning Ordinance section 140-63A reads as follows:

"No nonconforming use may be extended or expanded in any building or structure or in or on the lot on which it is located, nor may any nonconforming use be moved to

a different position upon the lot on which it is located, so as to alter the use or its location which existed at the time that the use became nonconforming. Any person desiring to make any such change or alteration of a nonconforming use shall apply for a variance . . . ."

However, section 140-60 of the Northampton Township Zoning Ordinance provides that a "change from an existing nonconforming use is not permitted without approval by the Zoning Hearing Board as a special exception." Thus, the threshold issue in this case is whether the Reydlers' proposed use of the property as a day-care facility constitutes a change from one nonconforming use to another, which requires a special exception from the board, or whether such use constitutes an expansion or extension of an existing nonconforming use, which requires a variance from the board.

The township argues that the proposed use must be compared to the use *that was in existence at the time the zoning ordinance was passed* (not necessarily the existing use of the property) in order to determine whether an expansion or extension is being requested. We disagree. The township cites *Hanna v. Board of Adjustment,* 408 Pa. 306, 183 A.2d 539 (1962) in support of its position. The court in *Hanna* held that "[t]he nonconforming use which is within the orbit of protection of the law and the constitution is the nonconforming use which exists at the time of the passage of the zoning ordinance or the change in a use district under a zoning ordinance, not a *new* or *different* nonconforming use." *Id.* at 313-14, 183 A.2d at 543.

While new and different nonconforming uses may not be constitutionally protected, it is within the discretion

of a township to supply avenues for approval of such uses through zoning ordinances. In *Fiechter v. Zoning Hearing Board of Pennsbury Township,* 73 Pa. Commw. 253, 458 A.2d 616 (1983), the court said that, "[w]here the right to change to another nonconforming use is provided in a zoning ordinance, such a provision must be construed strictly so as to restrict nonconforming uses closely." *Id.* at 256, 458 A.2d at 618. Thus, courts have recognized that a township may offer protection through a zoning ordinance for new and different nonconforming uses, even where those uses are not otherwise legally protected.

While the inquiry into a constitutionally protected nonconforming use may require examination of the use in existence at the time the zoning ordinance was passed, the inquiry into whether relief may be granted under a township's zoning ordinance requires different consideration. "The terms of the ordinance govern the change from one nonconforming use to another and provide the parameters under which it must be considered." *Blancett-Maddock v. City of Pittsburgh Zoning Board of Adjustment,* 163 Pa. Commw. 193, 198, 640 A.2d 498, 500 (1994). (citation omitted) "It is well-settled that the interpretation and application of ordinance terms are within the sole discretion of the board and will not be disturbed absent a demonstration that an abuse of discretion or an error of law was committed." *Morris v. South Coventry Township Board of Supervisors,* 836 A.2d 1015, 1023 (Pa. Commw. 2003). (citations omitted) Further, "[t]o qualify as a continuation of an *existing* nonconforming use, a proposed use must be sufficiently similar to the nonconforming use so as not to constitute a new or different use." *Shaner v. Schuylkill County Zoning Hearing*

*Board,* 859 A.2d 859, 863-64 (Pa. Commw. 2004). (emphasis supplied)

Here, the terms of the Northampton Township Ordinance state that a variance is required where a person desires to extend or expand "the use or its location *which existed at the time that the use became nonconforming.*" (Northampton Township Zoning Ordinance section 140-63A.) (emphasis supplied) The board concluded that section 140-63 referred to the time that the *existing* use became nonconforming (*i.e.,* the date that the previous owner of the property was granted a special exception to use the property in a nonconforming manner), not the date of passage of the zoning ordinance. It is within the discretion of the board to interpret the terms of its zoning ordinance. Furthermore, in making the threshold determination of whether an applicant is seeking a continuation or expansion of a nonconforming use, it makes little sense to compare the proposed use to a use that is no longer in existence. It is impossible to continue or expand an operation that no longer exists. The proposed use would therefore *always* be new and different when the existing use is not the same as the use being made on the date of passage of the zoning ordinance.

In the case sub judice, there is no contention that the Reydlers desire to extend or expand either the existing use or the use that existed when the zoning ordinance was passed. Neither the Reydlers nor the board assert that the proposed use of the property as a day-care facility bears any resemblance whatsoever to the existing nonconforming use as a veterans' affairs center. At all times, the request before the board was for a special exception to change from one nonconforming use to an-

other. The Reydlers never asked for a variance to extend or expand the existing nonconforming use. Indeed, the township admits that "[c]learly, the Reydlers' application would change a nonconforming use (existing only by virtue of a prior special exception) to another use that is not permitted under the Township Zoning Ordinance. They proposed not merely a change in an existing nonconforming use, but a change to a new and vastly different nonconforming use." (Memorandum of law in support of land use appeal of Northampton Township, p. 10.)

Despite asserting that the Reydlers seek a "new and vastly different nonconforming use," the township maintains that the applicable section of the Northampton Township Zoning Ordinance is section 140-63, which governs extension and expansion of nonconforming uses. The board, however, concluded that the applicable section of the zoning ordinance is section 140-60, which governs changes from one nonconforming use to another. Bearing in mind that our standard of review allows reversal of the board only where there is insufficient evidence in the record to support the board's findings, we will not disturb the determination that the applicable section is section 140-60. There is no evidence in the record to support a finding that the proposed use as a day-care center bears any resemblance to the existing use as a veterans' affairs center. In fact, all parties seem to agree that the proposed use is a new and different use of the property. The proposed use cannot be an extension or expansion of the existing use because there is insufficient similarity between the two uses. Therefore, the Reydlers were required to apply for a special exception, rather than a variance.

### 2. Whether the Board Committed an Error of Law in Determining That Northampton Township Had the Burden To Prove That the Reydlers' Request To Use the Property As a Daycare Required a Variance

"We begin by stating that a zoning hearing board is the entity charged with the interpretation and application of the zoning ordinance. It is well settled that a zoning hearing board's interpretation of its own zoning ordinance is entitled to great weight and deference from a reviewing court. . . . The basis of the judicial deference is the knowledge and expertise that a zoning hearing board possesses to interpret the ordinance that it is charged with administering." *Smith v. Zoning Hearing Board of Huntingdon Borough,* 734 A.2d 55, 57-58 (Pa. Commw. 1999). (citations omitted) (footnote omitted)

"An 'exception' in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist." *Application of Devereux Foundation Inc.,* 351 Pa. 478, 483, 41 A.2d 744, 746 (1945). "The function of the board when an application for an exception is made is to determine that such specific facts, circumstances and conditions exist which comply with the standards of the ordinance and merit the granting of the exception." *Kotzin v. Plymouth Township Zoning Board of Adjustment,* 395 Pa. 125, 127-28, 149 A.2d 116, 118 (1959). "Once an applicant for a special exception has established compliance with the specific objective requirements of that exception as set forth in the ordinance, the objectors to the proposed special exception have the

burden of persuasion and the duty to go forward with evidence that the general, non-specific requirements have not been fulfilled." *Blancett-Maddock,* 163 Pa. Commw. at 199, 640 A.2d at 501.

Here, the board found that the terms of the Northampton Township Zoning Ordinance require the Reydlers to obtain a special exception to change an existing nonconforming use to a new and different nonconforming use. This interpretation is entirely within the purview of the board and will not be disturbed by this court, as we have found no error of law or abuse of discretion. The board further found that the Reydlers presented evidence of facts and circumstances sufficient to demonstrate compliance with the standards set forth in section 140-60. Once the board determined that a special exception was warranted, the burden shifted to the protestors (*i.e.,* the township) to show that the general and non-specific requirements for a special exception were not fulfilled. This burden includes the burden of showing that the applicants have failed to meet the most general requirement for a special exception imaginable—that a special exception is the appropriate form of relief for the applicants' factual situation.

For the reasons given in this opinion, we have found that the record in this case supports the board's determination that a special exception, rather than a variance, was the appropriate form of relief for the Reydlers. After the board found that the Reydlers fulfilled the requirements of the ordinance with regard to special exceptions, the burden shifted to the township, as protestors, to show that the Reydlers did not meet the general burden of showing that a special exception was the appropriate form of

relief. Therefore, the board did not commit an error of law in placing this burden on the township.

### 3. Whether the Board Abused Its Discretion by Imposing Conditions on the Approval of the Special Exception When the Imposed Conditions Themselves Result in the Expansion or Extension of the Nonconforming Use

The Northampton Township Zoning Ordinance section 140-77D provides as follows:

"Special exceptions. Where this chapter has provided for stated special exceptions to be granted or denied by the board, the board shall hear and decide such request in accordance with the Municipalities Planning Code, as amended, and any other relevant statutes."

The relevant portion of the Municipalities Planning Code provides:

"Where the governing body, in the zoning ordinance, has stated special exception to be granted or denied by the board pursuant to express standards and criteria, the board shall hear and decide requests for such special exception in accordance with such standards and criteria. In granting a special exception, the board may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance." 53 P.S. 10912.1.

The Municipalities Planning Code provides that the provisions of zoning ordinances shall be designed to promote, protect and facilitate the public health, safety, morals and general welfare. See 53 P.S. 10604.

The board attached 15 conditions to the special exception granted to the Reydlers. The conditions require erection of a privacy fence, regulate the number of individuals allowed to occupy the property at one time, limit the hours and days of operation, prohibit public retail sales on the property, require that all applicable licenses and permits be obtained, limit playground construction, require security lighting, regulate parking facilities and transportation, prohibit delivery of supplies by commercial truck, require pavement of an access route, require compliance with noise and parking regulations, require certain plantings and regulate traffic flow. All of these conditions are designed to advance the public health, safety and welfare. Under the Municipalities Planning Code and Northampton Township's own ordinance section 140-77D, the board has the authority to attach these reasonable conditions to the approval of the special exception.

## V. CONCLUSION

The foregoing represents the reasons for this court's order of June 13, 2005.